RECEIPT #
AMOUNT $ 350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. _____
DATE 9/21/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 SEP 21  P 2: 41

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| JONNIE JULKS, | ) |
| Plaintiff, | ) **06 CA 11704 MLW** |
| | ) Civil Action No. |
| v. | ) |
| ATLANTIC FUNDING GROUP, LLC, and JOHN DOE | ) MAGISTRATE JUDGE _____ |
| Defendants. | ) |

# COMPLAINT

## INTRODUCTION

The plaintiff, Jonnie Julks, brings this action under the Fair Debt Collection Practices Act ("FDCPA") against the debt collectors Atlantic Funding Group, LLC and its employee or member. The defendants made several false threats and statements in attempts to collect a consumer debt from the plaintiff. The plaintiff brings this action for actual damages, statutory damages, and other relief against the defendants.

## PARTIES

1. Plaintiff Jonnie Julks is an individual consumer residing in Malden, Massachusetts.

2. Defendant Atlantic Funding Group, LLC ("Atlantic") is a domestic limited liability company organized with a principal place of business at 25 Burlington Mall Road, 6th Floor, Burlington, MA 02114.

1

3. On information and belief, John Doe is an employee or member of Atlantic who drafted or approved the text of the letters attached hereto as exhibits to this Complaint.

4. Atlantic is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts.

5. Atlantic regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts.

6. Atlantic is a debt collector as defined by 15 U.S.C. § 1692a(6).

7. On information and belief, John Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, the defendant was attempting to collect an alleged debt from the plaintiff (hereinafter "debt").

11. The debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. On or about August 3, 2006, Atlantic sent the plaintiff a copy of the letter attached hereto and marked as <u>Exhibit A</u>.

13. The plaintiff received and read the letter.

14. In the letter Atlantic stated that the creditor was "Bank One".

15. In the letter Atlantic stated "FINAL RESPONSE BY AUGUST 19th".

16. In the letter Atlantic stated "No response will result in legal action in fifteen days".

17. The plaintiff did not respond to the letter.

18. Atlantic did not take legal action against the plaintiff within 15 days (and has not yet done so).

19. In the letter, Atlantic offered the plaintiff three options and called these "final options".

20. Atlantic made additional false statements in the letter.

21. On or about August 17, 2006, Atlantic sent the plaintiff a copy of the letter attached hereto and marked as <u>Exhibit B</u>.

22. The plaintiff received and read the letter.

23. In the letter Atlantic stated that it was a assignee of "Care Credit/Chiro vs Jonnie M Julks".

24. In the letter Atlantic stated that the letter was its "FINAL LETTER" and that the plaintiff should respond by 8/30/06.

25. In the letter Atlantic threatened to sue the plaintiff if she did not respond.

26. In the letter Atlantic stated that the plaintiff was responsible for "all court costs, attorney fees, and interest."

27. In the letter Atlantic stated that it would be the plaintiff's "final chance to settle".

28. Atlantic made additional false statements in the letter.

29. On or about September 8, 2006, Atlantic sent the plaintiff a copy of the letter attached hereto and marked as Exhibit C.

30. The plaintiff received and read the letter.

31. In the letter Atlantic stated that if the matter proceeded further, the plaintiff would owe a new balance that would include "all interest and attorney costs".

32. In the letter Atlantic threatened to sue the plaintiff if she did not respond.

33. Atlantic made additional false statements in the letter.

34. As a result of the defendants' conduct, the plaintiff has suffered emotional distress and other damages.

**CLAIM FOR RELIEF**

**Count I**

**Violation of the Fair Debt Collection Practices Act**

35. Plaintiff incorporates and realleges the foregoing paragraphs.

36. The defendants made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

37. The defendants threatened to take action that could not legally be taken or that it did not intend to be take in violation of 15 U.S.C. § 1692e(5).

38. Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

   WHEREFORE, the plaintiff, Jonnie Julks, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment Declaring the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

E. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

6

Respectfully submitted, this ___<sup>th</sup> day of September, 2006.

                                            JONNIE JULKS,
                                            by her attorney,

                                            _____
                                            Nicholas F. Ortiz, BBO# 655135
                                            Law Office of Nicholas F. Ortiz, P.C.
                                            101 Tremont Street
                                            Suite 1110
                                            Boston, MA 02108
                                            (617) 338-9400